UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SCOTT BOATNER PIERCE                                   CIVIL ACTION

VERSUS                                                 NO. 16-14052

CITY OF TOOL POLICE                                    SECTION: "E"(1)
DEPARTMENT, ET AL.

## ORDER AND REASONS

Plaintiff, Scott Boatner Pierce, a pretrial detainee incarcerated in Texas, filed the instant *pro se* and *in forma pauperis* federal civil rights complaint against the following defendants: The City of Tool, Texas; the city's Police Department; Rickye Fiest, the department's chief; Detective T. Cantrel; Henderson County, Texas; and the county's Sheriff's Department.[1] In this lawsuit, plaintiff asserts claims for false arrest and false imprisonment arising from his arrest for unauthorized use of a motor vehicle.[2]

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Because that statute contains no specific venue provision, venue is determined pursuant to 28 U.S.C. § 1391, the general venue statute. See Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972), aff'd, 480 F. 2d 805 (5th Cir. 1973). That statute provides:

A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[1] The application for pauper status is deferred to the United States District Court for the Eastern District of Texas, Tyler Division, for determination pursuant to 28 U.S.C. § 1915.

[2] The undersigned notes that plaintiff also filed a separate case in this Court which was recently transferred to the United States District Court for the Northern District of Texas. Pierce v. Kaufman County District Attorney Office, Civ. Action No. 16-13830 (E.D. La. Sept. 6, 2016).

>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In the instant case, no defendant is alleged to reside in the Eastern District of Louisiana, and no part of the events or omissions giving rise to plaintiff's claims occurred within this district. However, all of those events or omissions occurred in Henderson County, Texas, which lies within the geographical boundaries of the United States District Court for the Eastern District of Texas, Tyler Division.  28 U.S.C. § 124(c)(1).

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice.  Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999).  Because venue is not proper in the Eastern District of Louisiana but would be proper in the Eastern District of Texas, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Eastern District of Texas, Tyler Division, for further consideration.

It is therefore **ORDERED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Tyler Division.

New Orleans, Louisiana, this fourth day of October, 2016.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**